IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIR WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 20-2979 |
| | : | |
| SUPERINTENDENT SCI-FAYETTE, et al. | : | |
| | : | |
| | : | |

## ORDER

AND NOW, this 18th day of May, 2022, upon careful and independent consideration of

the petition, response, all associated briefing, and available state court records, and after de novo

review of the Report and Recommendation of United States Magistrate Judge Richard A Lloret,

to which no objections were filed[1], it is hereby ORDERED:

1.  The Report and Recommendation (Document 13) is APPROVED and ADOPTED[2];

---

[1] On February 25, 2021, Judge Lloret issued a Report and Recommendation (R&R) recommending Williams's habeas petition be dismissed without an evidentiary hearing. On December 27, 2021, Williams filed a request for an extension to file objections to the R&R pursuant to 28 U.S.C. § 636(b)(1). The Court granted Williams' request for an extension on January 7, 2022, and granted Williams until February 2, 2022 to file objections. Williams failed to file objections by that date or in the three months thereafter.

[2] On May 18, 2020, pro se Petitioner Jamir Williams filed the instant petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus while incarcerated at State Correctional Institution (SCI)—Fayette. Williams seeks relief from his October, 2014, conviction of first-degree murder and possession of an instrument of crime (PIC) in the Delaware County Court of Common Pleas. Williams was sentenced to a mandatory term of life in prison on the murder charge and a consecutive term of thirty-to-sixty months in prison on the PIC charge. After filing a timely motion for post-sentence relief that was denied by the trial court, Williams also filed a timely direct appeal to the Pennsylvania Superior Court. The Superior Court denied relief and affirmed Williams' sentence, noting that his claims were meritless, and he had waived his Confrontation Clause issues on several claims. Williams then filed a timely pro se petition under Pennsylvania's Post Conviction Relief Act (PCRA), and the PCRA court appointed counsel to represent him. Williams requested that counsel be removed and sought to proceed pro se. On July 8, 2019, the PCRA court dismissed Williams's petition, and Williams sought to file an untimely appeal to the Pennsylvania Superior Court.

2. The Petition for a Writ of Habeas Corpus (Document 1) is DENIED AND
   DISMISSED;

3. A certificate of appealability SHALL NOT issue, in that the Petitioner has not made a
   substantial showing of the denial of a constitutional right nor demonstrated reasonable
   jurists would debate the correctness of the procedural aspects of this ruling. *See* 28
   U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and

4. The Clerk of the Court shall mark this case CLOSED for statistical purposes.

BY THE COURT:

/s/_Juan R. Sánchez_
Juan R. Sánchez, C.J.

---

Williams's present habeas petition seeks relief on six grounds: (1) his Confrontation Clause right was violated because he was limited in his ability to cross-examine Emil Williams at trial regarding his motivation for entering a plea agreement with the government; (2) the trial court erred in denying his motion to suppress his statement to police because his mental illness caused him to not understand his *Miranda* waiver; (3) his Confrontation Clause right was violated when police officers were permitted to testify to a description of the alleged shooter by Nathan Burrell, who did not appear at trial; (4) his Confrontation Clause right was violated when a police officer was permitted to testify that unnamed witnesses at the scene of the crime refused to cooperate with police; (5) his due process rights were violated when perjured witness statements from Kandie Meinhart and Emil Williams were used to obtain his conviction; and (6) ineffective assistance of counsel for failing to appeal his first through fourth claims to the Pennsylvania Supreme Court and for failing to raise his fifth claim on direct appeal.

This Court agrees with the Report & Recommendation's findings. The first, third and fifth claims are procedurally defaulted. The second and fourth claims were reasonably resolved by the state courts. Lastly, Williams's sixth claim is procedurally defaulted and not cognizable on habeas review. Accordingly, this Court adopts the Report & Recommendation.