IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIR WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 20-2979 |
| | : | |
| SUPT. SCI-FAYETTE, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, C.J.**                                                                                              **October 26, 2022**

Petitioner Jamir Williams was found guilty of first degree murder and possession of an instrument of crime in 2014. R&R 9, ECF No. 13. After exhausting his direct appeal and collateral challenges via the Pennsylvania Post Conviction Relief Act (PCRA), Williams filed a petition for habeas corpus in this Court. Williams argued the trial court abused its discretion by: (1) limiting cross-examination of prosecution witness Emil Williams; (2) denying his motion to suppress statements to police; (3) allowing police officers to testify to a description given by an eyewitness that did not appear at trial; (4) allowing a police officer to testify that unnamed witnesses refused to cooperate with law enforcement; and (5) admitting perjured witness statements from Kandie Meinhart. Petition 5-13, ECF No. 1. He also alleged ineffective assistance of counsel on direct appeal and at the Pennsylvania Supreme Court on PCRA appeal. *Id*. at 14. In his Report and Recommendation (R&R), Magistrate Judge Richard A. Lloret recommended Williams' petition be dismissed with prejudice. R&R 25, ECF No. 13. This Court adopted Judge Lloret's R&R and dismissed the habeas petition on May 20, 2022.

On July 9, 2022, Williams filed a "motion to reopen the previous judgment."[1] In his motion, Williams argues the denial of his habeas petition was in error because: (1) his second and fourth

---

[1] It is unclear whether Williams intended to file this motion under Federal Rule of Civil Procedure 59(e) or 60(b). A Rule 59(e) motion requests an alteration or amendment to a judgment, while a

claims were resolved incorrectly as they were not reasonably addressed by the state court; (2) his fifth claim should be reconsidered in the interests of justice, as newly discovered evidence supports his allegations that Meinhart's perjury led to his wrongful conviction; and (3) his first, third, and fifth claims are not procedurally defaulted as they were abandoned due to ineffective assistance of counsel. *See* Pet'r's Mot. Reopen 2-3, ECF No. 21.

Under Rule 60, a party may seek relief from a final judgment under a "limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "[S]uch circumstances will rarely occur in the habeas context," as Rule 60 is limited by the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Id.* at 535. Importantly, AEDPA prohibits the re-litigation of claims presented in a "second or successive habeas corpus application." 28 U.S.C. § 2244(b)(2). A federal court must therefore first assess whether a 60(b) motion is really a disguised second or successive petition, pursuant to 28 U.S.C. § 2244(a). If a claim in the motion "seeks to add a new ground for relief" from the state conviction or "attacks the federal court's previous resolution of a claim *on the merits*," it is a second habeas petition and barred by AEDPA. *Gonzalez*, 545 U.S. at 532 (emphasis in original). If, on the other hand, the motion attacks the "integrity of the federal habeas proceedings," it may be considered a valid claim under Rule 60(b). *Id.*

If a 60(b) motion is a disguised second habeas petition and the claim was considered in a prior application, it must be dismissed. 28 U.S.C. § 2244(b)(1). If, however, the claim was not presented in the prior petition, a district court may have jurisdiction to consider it if the claim either (1) relies on a new rule of constitutional law, or (2) relies on facts that could not have been

---

Rule 60(b) motion seeks relief from a judgment. Because under Rule 59(e), Williams' motion was untimely, this Court exercises its discretion and interprets the motion as requesting relief under Rule 60(b). *See Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002).

discovered previously and the totality of circumstances show that "no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2).

Williams first argues the second and fourth claims in his initial habeas petition were decided incorrectly, as his conviction relied on multiple unreasonable applications of clearly established law. Pet'r's Mot. Reopen 2. Because these allegations were squarely addressed on the merits by the R&R, this claim is a second or successive habeas petition rather than a valid Rule 60(b) motion. R&R 19-20; *Gonzalez*, 545 U.S. at 532. This Court does not have jurisdiction to consider this claim, because it was "presented in a prior application." *See U.S. v. Donahue,* 733 F. App'x 600, 602 (3d Cir. 2018); 28 U.S.C. § 2244(b)(1).

Second, Williams alleges his fifth habeas claim should be reconsidered in the interests of justice, as the witness' perjured testimony led to a wrongful conviction. Pet'r's Mot. Reopen 2-3. Again, this claim was raised at the initial habeas level. R&R 22. In the instant motion, however, Williams alleges new facts as to Meinhart's perjury: she was "recently arrested and charged with murder [and] giving false statements to authorities, which show a pattern from this witness of committing perjury." Pet'r's Mot. Reopen 2. On January 20, 2021, Meinhart was charged with making a false report and conspiracy to falsely incriminate another. *Id*. at 7. Motions "seek[ing] leave to present newly discovered evidence, . . . in support of a claim previously denied" are successive habeas corpus petitions. *Gonzalez*, 545 U.S. at 531.

While the argument of state court error due to perjured testimony was presented in Williams' prior application, it is at least arguable that the new facts about Meinhart's charges transform the claim such that it cannot be said to have been "presented in a prior application." 28 U.S.C. § 2244(b)(2). "Even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims presented in a prior application," however,

"§ 2244(b)(2)(B) requires a more convincing factual showing." *Gonzalez*, 545 U.S. at 531. A petitioner must demonstrate that the facts "would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty." § 2244(b)(2)(B). Williams is unable to show that, with the additional evidence of Meinhart's 2021 charges, no reasonable factfinder would have convicted him. One charged instance of false reporting over six years after an alleged perjury is insufficient to meet the "clear and convincing" standard of § 2244(b)(2)(B)(ii). *See Munchinski v. Wilson*, 694 F.3d 308, 335 (3d Cir. 2012). Further, even if Meinhart's charges of dishonesty were probative evidence of her perjury in *this* case, the fact was not "newly discovered" within the meaning of the Federal Rules, as it was not in existence at the time of trial. *Betterbox Comms. Ltd. v. BB Tech., Inc.*, 300 F.3d 325, 331 (3d Cir. 2002).[2] As Williams has failed to prove "no reasonable juror could vote to convict him in light of his newly-discovered evidence," his successive claim must be dismissed. *Munchinski*, 694 F.3d at 335.

Third, Williams argues the habeas court erred in finding his first, third, and fifth claims to be procedurally defaulted, as these issues were due to ineffective assistance of counsel. Pet'r's Mot. Reopen 2. This is not a successive habeas petition, as it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. In this valid 60(b) claim, Williams argues this Court's initial habeas finding of procedural default, "which precluded a merits determination," was wrongful as his claim of ineffective assistance of counsel should excuse such waivers. R&R 17; *Gonzalez*, 545 U.S. at 532 n.4. This Court construes Williams' claim as a 60(b)(6) motion, under the Rule's "catch-all" provision. *See Fonzone v. Tribune Corp.*, 608 F. App'x 76, 78 n.3 (3d Cir. 2015).

---

[2] For this reason, even if this claim was construed under Rule 60(b)(2), it would still fail.

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held a claim of ineffective assistance of counsel may excuse a procedural default in habeas proceedings. *Martinez*, 566 U.S. at 17. This narrow exception applies only to counsel at the initial collateral review level. *Id*. at 16. The waivers underlying the procedural defaults of Williams' third and fifth claims both occurred during PCRA appeal, so *Martinez* cannot excuse these defects. R&R 17, 22.

Williams' first claim, on the other hand, was determined to be defaulted due to error at the initial PCRA level. The Pennsylvania Superior Court found this claim was waived as it was raised for the first time on appeal; this waiver constituted procedural default on habeas review. *Id*. at 15. This could conceivably be due to ineffective assistance of counsel during Williams' initial PCRA review, supporting a *Martinez* claim. In his initial habeas petition, however, Williams alleged his counsel *at the appellate level only* was ineffective for failing to raise the claim at the Pennsylvania Supreme Court. Petition 14. Although he could have raised it at that point, his habeas application does not contain any allegation of a failure on the part of his initial PCRA counsel, as required by *Martinez*. To the extent that Williams now makes a claim of ineffective assistance of initial-PCRA counsel, a 60(b) motion is an inappropriate forum for raising a new argument, which could have been brought up in his habeas petition but was not. *See Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982) (holding district courts cannot grant 60(b) motions on the basis of claims that were "includable" in prior proceedings).

Williams' first two arguments are successive habeas petitions in disguise, barred by AEDPA, and his third argument does not meet the standard for excuse of procedural default. Rule 60 is an equitable remedy only granted for "extraordinary circumstances." *Gonzalez*, 545 U.S. at 536. As Williams has failed to show such circumstances, his motion will be denied.

An appropriate Order follows.

BY THE COURT:


 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.